**UNITED STATES of America,**
**Appellee,**

v.

**Donald TORRIERO, aka Sealed**
**Defendant # 2, Defendant–**
**Appellant,**

**and**

Julius Desimone, aka Sealed Defendant
# 1, Mazza & Sons, Inc., aka Sealed
Defendant # 5, Dominick Mazza, aka
Sealed Defendant # 4, Cross Nicastro,
aka Sealed Defendant # 3, Defen-
dants.

**No. 13–3155–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 4, 2014.

Bruce R. Bryan, Syracuse, NY, for De-
fendant–Appellant.

Thekla Hansen–Young (Allen M. Bra-
bender and Todd W. Gleason, on the
brief), for Sam Hirsch, Acting Assistant
Attorney General, Washington, DC, for
Appellee.

Present: ROBERT A. KATZMANN,
Chief Judge, PIERRE N. LEVAL,
PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Donald Torriero appeals from an August
7, 2013 judgment of conviction and sen-
tence entered by the United States Dis-
trict Court for the Northern District of
New York (Hurd, *J.*). The district court
sentenced Torriero principally to a term of
imprisonment of thirty-six months after
Torriero pleaded guilty to one count of
conspiracy in violation of 18 U.S.C. § 371
and two counts of wire fraud in violation of
18 U.S.C. § 1343. We assume the parties'
familiarity with the underlying facts, pro-
cedural history, and issues on appeal.

Torriero contends that his sentence was
substantively unreasonable. We disagree.
This sentence is not "shockingly high,
shockingly low, or otherwise unsupportable
as a matter of law." *United States v.
Rigas*, 583 F.3d 108, 123 (2d Cir.2009).
The advisory range recommended by the
United States Sentencing Guidelines for
his crime was sixty-three to seventy-eight
months' imprisonment, but the district
court sentenced him to just thirty-six
months' imprisonment after considering
the same factors that Torriero raises in his
appeal.

Torriero further argues that the district
court's sentence was procedurally unrea-
sonable because it applied section 2B1.1 of

the Guidelines rather than section 2Q1.2 in calculating his offense level. We disagree. The district court was required by Part D of Chapter 3 of the Guidelines to group Torriero's three counts and then apply the guideline that resulted in the highest offense level. *See* U.S. Sentencing Guidelines Manual § 3D1.3. In this case, the fraud-related guideline of section 2B1.1 resulted in a higher offense level than the environmental crimes-related guideline of section 2Q1.2. The cross-reference of section 2B1.1(c)(3) on which Torriero relies applies "only if the conduct alleged in the count of the indictment of which the defendant is convicted establishes the elements of another offense." *United States v. Genao*, 343 F.3d 578, 583 (2d Cir.2003). Because Torriero's offense conduct in the wire-fraud counts of the indictment did not establish an environmental crime, the district court did not err in applying section 2B1.1.

We have considered Torriero's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED.**